NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5046

JUDITH LOUISE CRONIN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Judith Louise Cronin, of Eugene, Oregon, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: United States Court of Federal Claims

Senior Judge Eric G. Bruggink

# United States Court of Appeals for the Federal Circuit

2009-5046

JUDITH LOUISE CRONIN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-633, Senior Judge Eric G. Bruggink.

_____

DECIDED: January 22, 2010

_____

Before LOURIE, LINN, and MOORE, Circuit Judges.

LINN, Circuit Judge.

Judith Louise Cronin ("Cronin") appeals the final decision of the Court of Federal Claims, which dismissed all but one of her claims as barred by the statute of limitations, and granted judgment on the administrative record in favor of the government with respect to Cronin's sole remaining claim (a claim for increased disability due to a medical condition appearing later in the record). Cronin v. United States, No. 06-CV-633 (Fed. Cl. May 16, 2008) ("Decision"). Because the Court of Federal Claims did not consider whether the statute of limitations was tolled by the Servicemembers Civil Relief Act, we vacate the decision dismissing the claims for lack of jurisdiction and remand for

a determination on the issue in the first instance.  Because the dismissed claims relate to medical conditions that may have exacerbated the later condition, we <u>vacate</u> the judgment on the administrative record and <u>remand</u> for further proceedings.

BACKGROUND

Cronin entered service in the United States Navy in 1977.  She was scheduled for promotion to the rank of Commander on October 1, 1994.  Her promotion was delayed due to a physician's report stating that she was not fit for full duty.  On October 5, 1994, a medical board recommended that she be placed in a limited duty status.  The matter was referred to a Physical Evaluation Board ("PEB").  On January 19, 1996, the PEB determined that she was 60 percent disabled due to injuries to her heel, as well as bipolar disorder.  Her promotion was delayed until May 31, 1996, when she was simultaneously promoted to Commander and placed on the Temporary Disability Retirement List ("TDRL").  On August 11, 2000, another PEB determined that she was no longer disabled due to her heel, but that her bipolar disorder rendered her 30 percent disabled.  On October 1, 2000, she was placed on the Permanent Disability Retirement List ("PDRL").  In 2004, she petitioned the Board for Correction of Naval Records ("BCNR") for review of her disability rating.  The BCNR denied her petition in a decision dated August 13, 2004.

On September 7, 2006, Cronin filed a complaint in the Court of Federal Claims. She alleged that her promotion to Commander was improperly delayed from October 1, 1994 to May 31, 1996, and sought restoration and back pay during that period.  She further alleged that she should have received a 100 percent disability rating, based on ten conditions or injuries, at the time she was placed on TDRL.  The government moved

to dismiss Cronin's claim for promotion as barred by the court's six-year statute of limitations and for judgment on the administrative record with respect to the disability claim. However, the government admitted that Cronin's retirement annuity may have been miscalculated.

The Court of Federal Claims held that the first claim, failure to promote, accrued on October 1, 1994, the date that Cronin was initially scheduled for promotion. Because Cronin did not file her complaint within six years of the date that the claim first accrued, the Court of Federal Claims dismissed this claim for lack of jurisdiction under 28 U.S.C. § 2501 (six-year statute of limitations in Court of Federal Claims). Decision at 3.

With respect to Cronin's claim for a 100 percent disability rating, the Court of Federal Claims held that timeliness was also a problem for nine of the ten conditions from which she suffers. Because those nine conditions were the subject of the January 19, 1996 PEB decision, and because Cronin did not file her complaint within six years of that decision, the Court of Federal Claims held that 28 U.S.C. § 2501 barred her challenge with respect to those nine conditions. Decision at 4.

The Court of Federal Claims found that only one of Cronin's conditions, post traumatic stress disorder ("PTSD"), appears in the record for the first time after the 1996 PEB decision. This condition was the subject of the August 13, 2004 BCNR decision. The Court of Federal Claims held that the BCNR correctly inquired into whether the PTSD condition was present at the time Cronin was placed on TDRL and found no evidence that it was. After concluding that the BCNR decision was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence, the Court of Federal

Claims granted judgment on the administrative record in favor of the government with respect to Cronin's PTSD condition.  Id. at 5.

Regarding Cronin's retirement annuity, the Court of Federal Claims remanded the matter to the BCNR for the limited purpose of determining the correct amount of her annuity for the period subsequent to September 7, 2000, i.e., six years prior to the filing date of Cronin's complaint in the Court of Federal Claims.  Id.

On remand, the BCNR credited Cronin with additional time served, issued her a cash credit, and increased her monthly retirement pay.  After receiving the government's status report describing the corrective action taken by the BCNR, the Court of Federal Claims ordered Cronin to show cause why the case should not be dismissed.  Because Cronin did not respond to the show cause order, the case was dismissed with prejudice.  Judgment was entered on December 18, 2008.

Cronin timely appealed to this court.  On November 17, 2009, we requested additional briefing on whether the tolling provision of the Servicemembers Civil Relief Act, 50 U.S.C. app. § 526(a), tolled the statute of limitations during the period of Cronin's military service, and whether the period tolled includes the time that she spent on TDRL.  Both parties filed supplemental briefs.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

I. Jurisdiction

"This Court reviews a dismissal of a claim for lack of jurisdiction by the Court of Federal Claims de novo."  Bank of Guam v. United States, 578 F.3d 1318, 1325 (Fed. Cir. 2009).  A six-year statute of limitations exists for claims against the government

brought in the Court of Federal Claims. 28 U.S.C. § 2501. This limitation is "jurisdictional" in nature and is not subject to equitable tolling or waiver. John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 134 (2008).

Under 28 U.S.C. § 2501, any claim for relief must be "filed within six years after such claim first accrues." "[A]n action for money arises under the Military Pay Act in the unusual case in which, on the plaintiff's legal theory, 'there is a clear-cut legal entitlement' to the promotion in question, . . . [or] when the decision not to promote the service member leads to the service member's compelled discharge." Smith v. Sec'y of the Army, 384 F.3d 1288, 1294-95 (Fed. Cir. 2004) (citations omitted). "[C]laims of entitlement to disability retirement pay generally do not accrue until the appropriate military board either finally denies such a claim or refuses to hear it. The decision by the first statutorily authorized board that hears or refuses to hear the claim invokes the statute of limitations." Chambers v. United States, 417 F.3d 1218, 1224 (Fed. Cir. 2005) (citations omitted).

Here, the Court of Federal Claims determined that Cronin's first claim, failure to promote, accrued on October 1, 1994 (the date that she was initially scheduled for promotion), and that her disability claim with respect to nine of the ten conditions accrued on January 19, 1996 (the date of the first PEB decision). Because these claims accrued more than six years before the filing date of Cronin's complaint, the Court of Federal Claims dismissed them as barred under the statute of limitations.

The Court of Federal Claims did not, however, address the applicability of the statutory tolling provision of the Servicemembers Civil Relief Act, which states: "The period of a servicemember's military service may not be included in computing any

period limited by law . . . for the bringing of any action or proceeding in a court . . . by or against the servicemember . . . ." 50 U.S.C. app. § 526(a). In its supplemental brief, the government acknowledges that tolling did occur while Cronin was on active duty (ending May 31, 1996), but that no tolling occurred while she was on TDRL (ending October 1, 2000). Cronin argues that the time she spent on TDRL should be included in the period of "military service" under 50 U.S.C. app. § 526(a), and that her complaint was timely because she filed it within six years of her permanent retirement. To our knowledge, only one federal appellate court has addressed this issue, and it held that the comparable tolling provision of the Soldiers' and Sailors' Civil Relief Act of 1940 does apply while a service member is on the TDRL. Mason v. Texaco Inc., 862 F.2d 242, 245 (10th Cir. 1988).[1]

The government argues that Mason was wrongly decided. In the government's view, the Servicemembers Civil Relief Act "equates 'military service' with 'active duty,' and terminates the tolling period upon release from active duty." Def.'s Suppl. Br. 2. But "active duty" is not the only category of service listed in the Act's definition of "military service." Also included within this definition is "any period during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause." 50 U.S.C. app. § 511(2)(C). It was under this latter category that the Tenth Circuit in Mason held that a statute of limitation is tolled while a service member is on TDRL. 862 F.2d at 245 ("We hold that placement on the 'temporary disability retired list' constitutes 'absen[ce] from duty on account of sickness' under the Act . . . .").

---

[1] On December 19, 2003, the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 et seq., was enacted as a recodification of the Soldiers' and Sailors' Civil Relief Act of 1940. The tolling provision was not substantially changed.

The government further argues that the "absence from duty" provision relied upon by the Tenth Circuit "refers to ordinary absences from active duty, such as convalescent leave" and other "temporary illnesses [that] do not rise to the level of a disability." Def.'s Suppl. Br. 4. But the government cites no authority for this assertion. In fact, the United States District Court for the Southern District of New York rejected a very similar argument—"that the absence contemplated by section 101(1) [of the Soldiers' and Sailors' Civil Relief Act] is only a short-term furlough, sick leave, or stay in sick bay." Cruz v. Gen. Motors Corp., 308 F. Supp. 1052, 1055 (S.D.N.Y. 1970). In rejecting this argument, the district court held that the tolling provision did apply while the service member was on TDRL, reasoning that "[t]he protection of a serviceman who is unable to attend to his affairs, whether because he is stationed away from home in active service or is recovering from injuries incurred while in such active service, is the very purpose the Relief Act is designed to serve." Id. at 1057.

We are unwilling to decide this issue, a question of considerable importance and raised sua sponte on appeal, without the benefit of the trial court's reasoned opinion on the matter. Although our review is de novo, it ought not to function as an independent analysis in the first instance. We therefore vacate the decision of the Court of Federal Claims to the extent that it dismissed any of Cronin's claims as barred by the statute of limitations, and remand for a determination as to the applicability of 50 U.S.C. app. § 526(a) to the period when Cronin was on TDRL. If the trial court determines that the statute of limitations was tolled during this period, then it should also consider whether Cronin's retirement annuity should be recalculated. We leave to the trial court's sound

2009-5046                                      7

discretion whether to request pro bono representation of Cronin for purposes of the proceedings on remand.

## II. Judgment on the Administrative Record

"We review a decision of the Court of Federal Claims granting or denying a motion for judgment on the administrative record without deference. That is, we reapply the statutory review standards. Accordingly, we will not disturb the decision of the corrections board unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." Chambers, 417 F.3d at 1227 (citation omitted).

Focusing only on the disability claim relating to the PTSD condition, the Court of Federal Claims reviewed the 2004 BCNR decision and granted judgment on the administrative record in favor of the government. In so doing, the Court of Federal Claims held that the BCNR did not clearly err in finding that there was "no evidence" that the condition was present at the time Cronin was placed on TDRL. Decision at 5.

Upon reviewing the record, we observe that the BCNR's two-page decision dated August 13, 2004 does not contain any discussion of Cronin's PTSD condition. Rather, the discussion of PTSD is contained in a letter from the Director of Naval Council of Personnel Boards, dated May 21, 2004, recommending that the BCNR deny Cronin's petition for increased disability rating. The BCNR adopted the Director's recommendation. The relevant portion of the Director's letter states:

> 3. Post Traumatic Stress Disorder (PTSD):
>
> Petitioner presents a compelling, articulated narrative in support of both the existence and service connection of subject disorder. However, sadly, documentation is lacking of both the alleged principle [sic] egregious evoking stressors and that this condition was separately unfitting at the time of her placement on the TDRL.

Because it appears that the Court of Federal Claims relied on this recommended finding when it granted judgment on the administrative record, the judgment must be vacated. The record contains a report dated July 20, 2000, from a licensed clinical social worker, Ann M. Fisher, who met with Cronin for weekly therapy sessions, detailing numerous "traumatic stressors required for developing PTSD" that occurred while Cronin was on active duty, i.e., before being placed on TDRL. If the government believes that this report does not constitute sufficient "documentation" of the "egregious evoking stressors" alluded to in the Director's letter—and the government's brief is silent on this point—then the government should explain the basis for its position. In addition, the social worker's report explains that chronic pain can often exacerbate PTSD symptoms. Thus, Cronin's other medical conditions, which the Court of Federal Claims held were barred by the statute of limitations, may be relevant to assessing the severity of the PTSD condition. On remand, if the court determines that the disability claims with respect to the other conditions are no longer barred, then it should consider the effect of those conditions on the PTSD condition, and not merely whether PTSD alone would have contributed to a higher disability rating.

## CONCLUSION

We vacate the decision granting the government's motions to dismiss and for judgment on the administrative record. We remand for further proceedings.

## COSTS

No costs.